Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of Columbia

Division

Kevin Bailey Hornberger

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

**-v-**

The Library of Congress

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 

Case: 1:25−cv−04323  JURY DEMAND
Assigned To : Harvey, G. Michael
Assign. Date : 12/3/2025
Description: Employ. Discrim. (H−DECK)

*(to be filled in by the Clerk's Office)*

Jury Trial:  *(check one)*    ☒ Yes    ☐ No

## COMPLAINT FOR A CIVIL CASE

I.      **The Parties to This Complaint**

A.      **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Kevin Bailey Hornberger |
| Street Address | 749 Bethel Church Road |
| City and County | North East, Cecil County |
| State and Zip Code | Maryland 21901 |
| Telephone Number | 443-309-6771 |
| E-mail Address | kevin.b.hornberger@gmail.com |



**RECEIVED**

DEC 03 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | The Library of Congress |
| Job or Title *(if known)* | |
| Street Address | 101 Independence Ave. SE |
| City and County | Washington D.C. |
| State and Zip Code | 20540 |
| Telephone Number | 202-707-5000 |
| E-mail Address *(if known)* | jdou@loc.gov |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

E-mail Address *(if known)* _____

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☒ Federal question          ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

The manner in which I was disiplined and ultimately terminated by the Library of Congress in Feburary of 2023 violated my first amendment rights as it relates to my outside involvement as an elected official.  Additionally, the process and evidence used against me in the case violated due process procedures for federal employees under the fifth amendment.

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff,  *(name)*  Kevin Bailey Hornberger , is a citizen of the State of *(name)*  Maryland .

b.    If the plaintiff is a corporation

The plaintiff,  *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

    b.     If the defendant is a corporation

The defendant, *(name)* Library of Congress, is incorporated under the laws of the State of *(name)* D.C., and has its principal place of business in the State of *(name)* D.C.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

I have been deprived of wages and accrual of leave for over two years. My annual salary was roughly $100,000.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached pages

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Reinstatement to my previously held federal position and grade level at the Copyright Division. That all records and references to the Library's adverse action against me be removed from the Library's personnel records and the Office of Personnel Management's records; That I be afforded retroactively all and any benefits to which I would have been entitled as an employee of the Library of Congress, including promotion rights, pay and leave accrual had I not been subject to the adverse action imposed by the Library of Congress. All legal fees I have inccurred associated with this case.

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:             12/02/2025

Signature of Plaintiff

Printed Name of Plaintiff          Kevin Bailey Hornberger

### B.     For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**Statement of Claim**

On 02/17/2023 was wrongfully terminated from the Library of Congress.  I appealed this termination to an arbiter, the United States Merit Systems Protection Board and lastly the United States Court of Appeals for the Federal Circuit.  The guidance I received was that those courts were not the correct venue and did not have jurisdiction over my case.  These cases were closed as of yesterday and I am seeking a hearing with this court because of its ability to hear cases from the legislative branch of federal employment when employment civil rights constitutional violations occur.

During this process my 1st and 5th amendment rights were violated and unfounded accusations were presented to the deciding official and arbiter to terminate my employment of almost 17 years with the Library of Congress.

**Background**

I was hired by the Library of Congress on 04/17/2006

In 2013 I met with his supervisor and staff in the Library's Office of the General Counsel (OGC) to inform of my intentions to run for the House of Delegates in the Maryland General Assembly.  I was elected and granted Leave Without Pay LWOP for each legislative session (January to early March) from 2015 to 2020.

In 2021 I was detailed to a new position in the Copyright Division within the Library of Congress.  The legislative session was abbreviated due to COVID during which I was continuously employed by the Copyright Division taking leave on an as-needed basis.  In 2022 I was asked to continue this trend and perform both roles, by my Copyright supervisor.  This was during a hybrid onsite and telework environment for both roles due to COVID restrictions.  Midway into the 2022 three-month session my supervisor inquired about my whereabouts and subsequently asked to amend my notification process and better delineate when and where I was performing Library work versus House of Delegate work.  At this time a HR Liaison and my supervisor initiated an investigation for what they believed were time discrepancies relating to outside employment as an elected official, without my knowledge.

I followed this new guidance and stayed in communication throughout the remainder of the session and compiled a daily log into April of 2022.  Additionally, I audited my prior timesheets and based on the new guidance identified changes that would need to be made retroactively.  When session concluded I received approval from my supervisor to amend timesheets and submitted these leave request to my timekeeper for recordation.  The amendments were never finalized and my supervisor informed me after multiple inquiries that I should wait.

On July 13 and September 7 of 2022 I was asked to participate in Weingarten meetings with Union representation, my supervisor and an HR Liaison.  I was asked questions and answered to the best of my recollection about specific times and dates and general questions about what was involved with serving in the House of Delegates.  At the end of September 7th meeting, I again asked for finalization of the outstanding 2022 leave request.  I also asked for clarity on how to minimize confusion for the upcoming 2023 session beginning in January.  Both my supervisor and HR Liaison expressed dismay and were insistent that I was no longer elected or planning to continue serving in the House of Delegates.  Shortly after this meeting the discipline and termination process began.

**In reference to the 1st amendment violations**

*The agency applied disciplinary actions and later terminated me for engaging in political activity on my own time*.  After being approved by the head of the agency for leave and ability to serve every year since 2015 as a member of the House of Delegates by the Library's Office of the General Counsel (OGC) I was advised I could run for Delegate and serve as long as those duties must remain separate from Library work.  In December of 2022 I was confronted with accusations in a NPAA and placed on leave with pay pending a decision by the deciding official.  Ultimately I was terminated from my position with the Library of Congress for (1) inappropriate use of sick leave; (2) lack of candor; (3) use of Library time for outside employment activities; (4) misrepresentation of time and attendance; and (5) loafing while on duty.

The charges listed in the NPAA, even when refuted or determined to be unfounded were pursued because of my service in the Maryland General Assembly as a State Delegate.  During the two Weingarten meetings the HR Liaison hosting the meetings stated, "You should not be allowed to serve in the Maryland General Assembly while being employed in the Copyright Division".  He also stated there was "no way that you could be a good delegate and work another full-time job".  On multiple instances he insisted that I was not fulfilling my responsibilities as an elected official and was a disservice to my constituents.

Later in 2022, after the Weingarten meetings, I entered leave request with my supervisor for the 2023 session to avoid future conflicts.  Rather than my supervisor approve or disapprove these request, the HR Liaison directed my supervisor to revoke my telework privileges.  Later the HR Liaison responded directly to the leave request with a rejection and notified me they were denied because he was preparing a NPAA for termination.  When I received the NPAA the author was listed as the HR Liaison and it contained errors, miscalculations and unsubstantiated claims of fraud, loafing, lack of candor, and untruthful behavior.

Quote from the NPAA authored by the HR Liasion "Your behavior as described above is inappropriate, unprofessional, and cannot be tolerated. To be clear, this proposal is based on your repeated and ongoing lack of candor to Library management about your Library work activities, your engaging in external employment activities during Library time, your loafing on duty, and your inappropriate use of sick leave. It is not based on your legislative role, any assessment of your fulfillment of your legislative responsibilities, or your political beliefs. Your misconduct as outlined herein is in violation of LCR 9-1710, which requires all Library staff to maintain high standards of conduct essential to assure the proper performance of the Library's business. Staff members shall avoid any action which might result in or create the appearance of impeding Library efficiency or economy and/or affecting adversely the confidence of the public in the integrity of the Library or the government (*see* Attachment B). Your conduct is also in violation of LCR 9-1720, which states that the personal conduct of staff members in their official positions is subject to the closest public and official scrutiny, and, as representatives of the Library, they are so judged. In all their official dealings, staff members shall so conduct themselves as to permit no reasonable basis for suspicion of unethical conduct or practices. Attitude, alertness, courtesy, consideration, and promptness in carrying out one's official duties, are important aspects of conduct (*see* Attachment C). Further, your conduct is in direct violation of LCR 9-1730, which states that staff members may engage in outside employment or other outside activities that are unrelated to their specific Library functions and that do not affect their ability to discharge the duties and responsibilities of their Library employment, but shall not carry on such outside activities during their official duty hour"

The HR Liaison levied numerous LCR violations for me simply performing my outside role. He offered no examples of how or why I was in violation and veiled those accusations with the statement "It is not based on your legislative role, any assessment of your fulfillment of your legislative responsibilities, or your political beliefs."  Because he did not align himself with my political party or status as an elected official he pursued and was successful at terminating my employment.  Although the Inspector General of the Agency declined to pursue this case, the Agency permitted process.

The HR Liaison cited multiple references of misconduct in the NPAA by combing social media posts that I made on my official campaign sites.  One of my post referenced volunteering on a campaign effort in a Virginia House of Delegates race during November of 2021.  After I was terminated and the arbitration concluded I discovered the HR Liaison was a campaign volunteer and donor for House of Delegate candidates in the state of Virgina of the opposing political party.

**In reference to the Due Process Violations protected by the 5th amendment**

When I received the NPAA on December 21 2022 it was the first time I was made aware of the formal charges against me.  Via my Union representative, we requested a log of the Virtiual Private Network (VPN) records to prove that I had worked sufficient hours equal to or greater than 80 hours during each two week pay period.  *The Library denied this request and stated these VPN records did not exist and that they do not keep these records.  On December 23 2022 my request for VPN logs was formally denied.*

During the contested time period of January to April 2022, I was a hybrid employee (offsite with some report to duty station days) with the majority of my workdays as a remote

teleworker.  I worked remotely from a government issued laptop.  Work time could only take place after logging into the secure Library of Congress VPN on my government issued laptop.

After the Library deciding official reviewed the allegations submitted to her and issued the decision to terminate me on January 17th 2023, we appealed to an arbiter.  It was during the presentation to the arbiter, (post termination by agency official), under oath, that the Library divulged VPN records **were** maintained for each staff member for a duration of 30 days after they occur, at the conclusion of these 30 days they are deleted.

It is my assertion that those records were central to my defense and ability to prove that I had in fact been working.  It is also my assertion that those records could have been archived or recorded at anytime during the investigation that began in March of 2022 spanning dates between January and April 2022.  It is also noteworthy that management did not hold Weingarten meetings with me until July and September 2022.  Roughly 90 days after the window of allegations.

*The agency waited for too long to bring charges against me*.  *The delay was significant and unexplained*.  Rather than address time and attendance issues at the time they occurred, the Library chose to wait and bundle them as compounding evidence of an alleged failure to follow agency policy. The Library of Congress also did not satisfactorily communicate agency policy when they believed I was not following it; therefore, I was not provided either timely notice or a reasonable opportunity to correct his behavior.

*Nine months after the window of allegations occurred the agency failed to present the NPAA in compliance with their own process mandated in the Collective Bargaining Agreement (CBA) Professional Guild, AFSCME Local 2910, meant to satisfy due process requirements*.

*LCR 9-1830 Adverse Actions – Employees in the AFSCME Local 2910 Bargaining Unit*

*Notice and Content of Proposed Adverse Action*

1. *An employee shall be given not less than **25** work days advance written notice of a proposed adverse action. In computing the time, the day on which the notice is received by the employee shall not be counted*.

On December 7 2022 I was notified via email, that a NPAA for removal was being prepared with no detail as to the charges, but only **14** days later on Friday December 21 2022, I received a 168 page NPAA proposing removal and first learned the accusations.  The agency never rescinded the proposal or began a new, constitutionally and procedurally

correct action prior to reaching a decision on the proposed adverse action.  Nor did the agency cancel the adverse action on its own initiative after the action had taken effect.

In my response to the NPAA I provided documentation in narrative and spreadsheet form refuting the individual charges along with documentation.   They were dismissed.

*In the charging document the proposing official labels multiple forms of misconduct.  In the instance of alleged "fraud" the proposing official charges in the NPAA without any references or examples.*  If an agency chooses to label an act of misconduct, then it is bound to prove the elements that make up the legal definition of that charge, if there are any.  This approach was also used in 14 allegations of "Lack of Candor" without examples and 6 allegations of "Loafing" without examples.  Without citations of alleged behavior of the allegations I was unable to form a response but nevertheless they remained and were presented to the deciding official and arbiter as facts.

*During the three-day presentation to the arbiter, the Library introduced new accusations on the final day of alleged contents of conversations between my supervisor and myself and communications I had with my U.S. Senate representative.  These new allegations were not included in the NPAA charges presented previously to the Library deciding official and were not mentioned in her written decision for termination.*

The associated documentation with these new allegations was not shared with me, my Union representative or the arbiter prior to the start of the arbitration.  It was a surprise accusation with no advance notice and impacted the arbiter's final decision.  These new charges went on to be incorporated into the written arbiter's decision to uphold the agency's termination.

The lack of due process resulted in selective information being presented to both the agency deciding official and the arbiter.  Omissions of exculpatory records, introduction of allegations after termination, and significant delays impacting availability of records indicate that the Agency selectively applied its own regulations and procedures to amplify a series of actions and miscommunications to justify its most severe penalty and remove me from Federal service.